IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-02407-ZLW

In re: KIMBERLY MICHELLE MAYHEW

DOUGLAS ANDREW MAYHEW,

      Appellant,

v.

KIMBERLY MICHELLE MAYHEW,

      Appellee.

_____

ORDER
_____

      The matter before the Court is Appellant Douglas Andrew Mayhew's appeal of six Orders and Judgments entered in Case Nos. 08-10628-HRT and 08-1412-HRT in the United States Bankruptcy Court for the District of Colorado (Bankruptcy Court).[1]  The Court has determined that the facts and arguments on this appeal are adequately presented in the parties' briefs and in the record, and that the decisional process will not be significantly aided by oral argument.[2]

---

      [1]Appellant appeals the following Orders and Judgments issued by the Bankruptcy Court:  in Case No. 08-10628-HRT:  the Order Denying Motion To Enlarge Time Of Bar Dates filed May 29, 2008  (Doc. No. 72); the Judgment filed September 25, 2008 (Doc. No. 129); and the Order Denying Motions To Reconsider filed October 23, 2008 (Doc. No. 145); and in Case No. 08-01412-HRT:  the Order Granting Defendant's Motion To Dismiss Adversary Proceeding filed September 25, 2008 (Doc. No. 21); the Judgment filed September 25, 2008 (Doc. No. 22); and the Order Denying Motions To Reconsider filed October 23, 2008 (Doc. No. 32).

      [2]See Fed. R. Bankr. P. 8012.

**A.     Background**

**1.     The Chapter 7 Proceeding**

Appellee Kimberly Michelle Mayhew, Appellant's former wife, filed for Chapter 7 bankruptcy on January 21, 2008, in Bankruptcy Court Case No. 08-10628-HRT.  M. Stephen Peters was appointed the Chapter 7 Trustee.  The 11 U.S.C. § 341 Meeting of Creditors was set for February 15, 2008.  Under Fed. R. Bankr. 4007(c), the deadline to file a complaint objecting to discharge of the debtor or to determine the dischargeability of certain debts must be filed "no later than 60 days after the first date set for the meeting of creditors."[3]  Thus, in Appellee's Chapter 7 proceedings, the deadline for filing complaints objecting to the dischargeability debts was set for April 15, 2008.   Appellant was listed as a contingent, unliquidated and disputed creditor on Appellee's Schedule F for "[p]ossible marital liability."  Appellant also was listed as a co-debtor on Schedule H.

On February 5, 2008, Appellee filed a Notice Of Continued Section 341 Meeting notifying the parties that the meeting of creditors had been continued to February 22, 2008.  Thereafter, on February 26, 2008, the Boulder County District Court entered Permanent Orders in Appellant and Appellee's divorce proceedings.  The Permanent Orders included a provision stating that the existing No Contact Order previously issued in the divorce proceedings was to remain in place, and that Appellant thus was to continue to have no contact with Appellee.  Although Appellee initially took the position that she would not appear at any meeting at which Appellant was present due to the No

---

[3]Fed. R. Bankr. P. 4007(c).

2

Contact Order, ultimately Appellee did agree to appear at a meeting attended by Appellant.[4]

On March 26, 2008, Appellant filed a Verified Motion To Enlarge Time Of Bar Dates For Filing Complaints, Objections To Discharge, Dismissal Of, Conversion Of Debtor's Debts, And/or Others Pursuant To BR 4004(b) (Motion To Extend Bar Dates). On that same date, he also filed a Notice Pursuant To Local Bankruptcy Rule 202 Of Re-continued Title 11 U.S.C. Section 341 Meeting Of Creditors And Equity Security Holders, notifying the parties that the meeting of creditors had been rescheduled once again, to April 4, 2008.  Appellee filed an objection to the Motion To Extend Bar Dates on April 4, 2008.

The meeting of creditors took place as scheduled on April 4, 2008.  Appellant did not attend the meeting.

On April 15, 2008, Appellant filed a Renewed Verified Motion Requesting Hearing And Enlargement Of Bar Date Times . . . (Renewed Motion).  Appellee objected to the Renewed Motion on May 5, 2008.  The Bankruptcy Court conducted an evidentiary hearing on Appellant's Motion To Extend Bar Dates and Renewed Motion on April 29, 2008, and May 6, 2008.  The court heard a total of five and a half hours of evidence and argument on the two motions before taking the motions under advisement.

On May 29, 2008, the Bankruptcy Court issued a ten-page written Order Denying Motion To Enlarge Time Of Bar Dates.  The Order set forth a detailed analysis and

---

[4]See Order Denying Motion To Enlarge Time Of Bar Dates (Doc. No. 72 in Bankruptcy Court Case No. 08-10628-HRT) at 5.

3

application of the factors to be considered under _In re_ Stonham[5] in determining whether

there is cause to extend the deadline for creditor complaints.  The Bankruptcy Court

entered a Judgment based upon on its May 29, 2008, Order on September 25, 2008.

Plaintiff thereafter filed several motions for post-judgment relief requesting

reconsideration of the Order and Judgment.  The Bankruptcy Court denied Appellants'

post-judgment motions on October 23, 2008.

Appellant now appeals the May 29, 2008, Order Denying Motion To Enlarge

Time Of Bar Dates; the September 25, 2009, Judgment; and the October 23, 2008,

Order denying Appellant's post-judgment motions.

### 2.     The Adversary Proceeding

On May 3, 2008, Appellant filed an Adversary Proceeding in Bankruptcy Court,

Case No. 08-1412-HRT.  Appellee filed a motion to dismiss the Adversary Proceeding

on June 27, 2008.  On September 25, 2008, the Bankruptcy Court granted Appellee's

motion to dismiss, dismissing Plaintiff's Complaint in the Adversary Proceeding and

entering Judgment against Appellant.

Appellant filed motions for post-judgment relief after entry of the Judgment,

seeking the Bankruptcy Court's reconsideration of its dismissal of the action.  The

Bankruptcy Court denied those motions on October 23, 2008.  Appellant now appeals

the Order and Judgment of September 25, 2008, and the Order of October 23, 2008,

denying Appellant's motions for post-judgment relief.

---

[5]317 B. R. 544 (Bankr. D. Colo. 2004).

**B.      Legal Standard**

On a bankruptcy appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgment or order.[6]  In general, the Court reviews the Bankruptcy Court's conclusions of law *de novo*, and its findings of fact under a clearly erroneous standard.[7]  The Court reviews the Bankruptcy Court's denial of a party's request for an extension of the Fed. R. Bankr. P. 4004(b) deadline to object to the debtor's discharge or the dischargeability of debts under an abuse of discretion standard.[8]

**C.      Analysis**

**1.      Order and Judgment in Chapter 7 Case**

"A discharge is the most important element of any debtor's fresh start . . . .  As a result, debtors have a strong interest in the prompt resolution of discharge issues."[9]  Again, Fed. R. Bankr. P. 4007(c) provides that a complaint objecting to the dischargeability of certain debts must be filed within 60 days after the first date set for the meeting of creditors.[10]  In the Chapter 7 proceedings at issue on this appeal, the objection deadline was April 15, 2008, based on the initial February 15, 2008, date set for the meeting of creditors.  Fed. R. Bankr. P. 4004(b) provides that, "on motion of any

---

[6]Fed. R. Bankr. P. 8013.

[7]Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 (10th Cir. 1988).

[8]See *In re* TS Industries, Inc., 1991 WL 261702, *3 (10th Cir. Dec. 6, 1991); see also *In re* Vertientes, Ltd., 845 F.2d 57, 59 (3rd Cir. 1988).

[9]*In re* Stonham, 317 B.R. at 546.

[10]Fed. R. Bankr. P. 4007(c).

party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge."  The determination of "cause" under Rule 4007(c) is "committed to the [bankruptcy] Court's discretion " and "must be analyzed on a case by case basis."[11]  Relevant factors for the court's consideration include:  whether the debtor refused in bad faith to cooperate with the creditor, whether the creditor had sufficient notice of the deadline and the information to file an objection, the possibility that proceedings pending in another forum would result in collateral estoppel, whether the creditor exercised diligence, and the complexity of the case.[12]

Here, the Bankruptcy Court discussed in detail, and carefully and properly applied, each of the _In re_ Stonham factors in the May 29, 2008, Order Denying Motion To Enlarge Time Of Bar Dates.  Further, the Bankruptcy Court's October 23, 2008, Order denying Plaintiff's motions for post-judgment relief properly concluded that Appellant's post-judgment motions for reconsideration had not argued an intervening change in the law, set forth new evidence previously unavailable, or identified clear error or manifest injustice in the prior order, as required for relief under Fed. R. Civ. P. 59(e), made applicable to the bankruptcy proceedings by Fed. R. Bankr. P. 9023. Rather, Appellant's post-judgment motions merely re-argued the same points raised in the underlying motions.

---

[11]_In re_ Stonham, 317 B.R. at 547, 548.

[12]Id. at 548 n.1.

In his briefing on this appeal, Appellant now argues that he relied on an alleged agreement, made in February 2008, between himself, Appellee, and Appellee's attorney that the bar date would be continued to June 3, 2008.[13]  It does not appear that Appellant raised this issue in the Bankruptcy Court proceedings below.  Generally, issues not raised in the lower court cannot be considered on appeal.[14]  Even if the issue were to be considered for the first time on this appeal, the Court is aware of no legal authority providing that the Fed. R. Bankr. P. 4007(c) deadline for filing objections can be extended by agreement of the parties without a court order.  Further, the exhibits cited by Appellant do not, in fact, evidence any agreement between Appellant, Appellee, and Appellee's attorney to extend the bar date.  The cited email communications (Exs. 7L, 7M, and 7N to Appellant's Reply Brief) indicate only that Mr. Peters, the Bankruptcy Trustee, suggested to Appellant that he file a motion with the Bankruptcy Court requesting an extension of the bar date.  There is no evidence of any agreement between the parties to actually extend the bar date.  After Appellant filed his motion for extension, Mr. Peters expressly advised Appellant on April 4, 2008, that "the April 15, 2008 date is still the deadline, and there is no assurance that the Court will act on your motion to extend the date to June 4 before then or at all.  So prudence might dictate that if you think you have any claims for which a complaint would be appropriate, you should

---

[13]Appellant's Principal Brief (Doc. No. 25) at 7, 15.

[14]See Sussman v. Patterson, 108 F.3d 1206, 1210 (10th Cir. 1997).  While this general rule is not absolute, see id., Appellant has offered no reason why the Court should deviate from it in this case.

assume the April 15, 2008, date is the deadline . . . ."[15]  Appellant's contention that he

reasonably relied on an alleged agreement to extend the deadline is unsupported by,

and in fact contradicted by, the cited evidence.  The Bankruptcy Court did not abuse its

discretion in denying Appellant's Motion To Extend Bar Dates and Renewed Motion,

entering Judgment on those motions, and denying Appellant's post-judgment motions.

### 2.    Order and Judgment in Adversary Proceeding

Appellant filed his Complaint in the Adversary Proceeding, Case No. 08-1412-

HRT, on June 3, 2008, setting forth four causes of action.  The first, second, and third

causes of action asserted claims under 11 U.S.C. § 523(a)(2), (4), and (6).  As the

Bankruptcy Court explained, these claims were required to be filed no later than the

April 15, 2008, bar date pursuant to 11 U.S.C. § 523(c) and Fed. R. Bankr. P. 4007(c).

Because the claims were filed after the bar date, the claims properly were denied by the

Bankruptcy Court.  To the extent that Appellant is relying on his contention that he,

Appellee, and Appellee's attorney agreed to an extension of the bar date, an issue

apparently not raised in the Adversary Proceeding, that argument fails for the reasons

set forth above.

Appellant's fourth cause of action in the Adversary Proceeding was brought

pursuant to 11 U.S.C. § 523(a)(5) and (a)(15).  The Bankruptcy court concluded that

---

[15]See Order Denying Motion To Enlarge Time Of Bar Dates (Doc. No. 72 in Bankruptcy Court Case No. 08-10628-HRT) at 5.

these claims were the subject of ongoing divorce proceedings in Boulder County District Court, and abstained from hearing the claims on that basis pursuant to 28 U.S.C. § 1334(c)(1). The fourth cause of action was dismissed without prejudice. Appellant has not directly addressed the dismissal of this cause of action on the present appeal, and the Court concludes that the dismissal without prejudice was proper based upon the pending state domestic proceedings. The Court further determines that the denial of Appellant's motions for post-judgment relief in the Adversary Proceeding was appropriate, as Appellant failed to meet to the applicable standard under Fed. R. Civ. P. 59(e).

Accordingly, for the reason set forth above, it is

ORDERED that the following Orders and Judgments of the United States Bankruptcy Court for the District of Colorado are affirmed:

(1)    In Case No. 08-10628-HRT, the Order Denying Motion To Enlarge Time Of Bar Dates filed May 29, 2008 (Doc. No. 72);

(2)    In Case No. 08-10628-HRT, the Judgment filed September 25, 2008 (Doc. No. 129);

(3)    In Case No. 08-10628-HRT, the Order Denying Motions To Reconsider filed October 23, 2008 (Doc. No. 145);

(4)    In Case No. 08-01412-HRT, the Order Granting Defendant's Motion To Dismiss Adversary Proceeding filed September 25, 2008 (Doc. No. 21);

(5)    In Case No. 08-01412-HRT, the Judgment filed September 25, 2008 (Doc. No. 22); and

(6)    In Case No. 08-01412-HRT, the Order Denying Motions To Reconsider filed October 23, 2008 (Doc. No. 32).  It is

FURTHER ORDERED that the appeal is dismissed, the parties to pay their own costs and attorney's fees.  It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 16th day of December, 2009.

BY THE COURT:

_____

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court